# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARTELL BROWN-WRIGHT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:17-cv-00995-JPG
----------------------------------------------
Crim. Case No. 4:14-cr-40085-JPG-1

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Martell Brown-Wright's Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Mr. Brown-Wright's petition does not survive threshold review.

On April 8, 2015, the petitioner pled guilty to various crack cocaine offenses and possessing a firearm in furtherance of a drug trafficking crime. The Court sentenced him on August 20, 2015, to 123 months imprisonment, six years of supervised release, a fine of $100.00, and a special assessment of $400.00. The judgment of conviction became final on September 1, 2015. The petitioner did not file a direct appeal.

The petitioner then filed this *pro se* § 2255 motion (Doc. 1) two years later, in September 2017, claiming that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. But an individual seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence. The one-year limitations period runs from the latest of four events:

1

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court has performed a preliminary review of the § 2255 motion and has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief because he did not file his § 2255 within the one-year limitations period. The judgment of conviction became final on September 1, 2015, but the petitioner filed this § 2255 over two years later in September 2017. Accordingly, the Court must deny the petitioner's motion.

The Court must also grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. The petitioner has made no such showing. Therefore, the Court declines to issue a certificate of appealability. Pursuant to Rule 11(a), the petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## CONCLUSION

For the foregoing reasons, the Court:

- **DENIES** the petitioner's § 2255 motion (Doc. 1);
- **DISMISSES** this action;

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: JANUARY 3, 2018**

**s/ *J. Phil Gilbert*** 
**J. PHIL GILBERT** 
**U.S. DISTRICT JUDGE**
